UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-8691-RMM

UNITED STATES OF AMERICA

v.

SILVESTRE FACUNDO PEREZ-LOPEZ,

Defendant.
_____/

FILED BY ____SP____ D.C.

Nov 21, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?  ☐ Yes  ☑ No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?  ☐ Yes  ☑ No

3. Did this matter involve the participation of or consultation with now Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?  ☐ Yes  ☑ No

4. 4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?  ☐ Yes  ☑ No

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

BY: _____Juan A. Albino_____
JUAN ALBINO
ASSISTANT UNITED STATES ATTORNEY
District Court No.   A5503412
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel:  (561) 820-8711
Fax:  (561) 820-8777
Email:  Juan.Albino@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>SILVESTRE FACUNDO PEREZ-LOPEZ,<br><br>*Defendant(s)* | )<br>)<br>)  Case No. 25-8691-RMM<br>)<br>)<br>) |

FILED BY ___SP___ D.C.

Nov 21, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __11/18/2025__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 111 | Assault on a Federal Agent. |
| 18 U.S.C. § 751 | Escape from Federal Custody. |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Cesar Barrientos, U.S. Border Patrol Resident Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 11/20/25

_____
*Judge's signature*

City and state: West Palm Beach, FL

Ryon M. McCabe, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Cesar Barrientos, first being duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am employed as a United States Border Patrol Resident Agent, with Customs and Border Protection and the United States Department of Homeland Security ("DHS"). I have been a United States Border Patrol Agent for the last 25 years. I am currently the Vero Beach Resident Agent assigned to the West Palm Beach Border Patrol Station in Riviera Beach, Florida. As a Border Patrol Resident Agent, my duties and responsibilities include enforcing federal criminal and administrative immigration laws of the United States.

2. As a federal agent, I have participated in investigations of persons suspected of violating a variety of federal laws governing the borders and the interior of the United States, which include immigration violations. These investigations have included the use of surveillance techniques, the interviewing of subjects and witnesses, and the execution of arrest and search and seizure warrants. As a federal agent, I am authorized to conduct investigations of, and to make arrests for, offenses involving immigration law violations, including those offenses enumerated in Titles 8, 18, 19, and 21 of the United States Code.

3. This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to believe that PEREZ-LOPEZ, Silvestre Facundo committed the offense of Assault on a Federal Agent in violation of Title 18, United States Code, Section 111, and Escape from Federal Custody, in violation of Title 18 USC 751.

## **PROBABLE CAUSE**

4.     On or about November 18, 2025, at approximately 13:30 hours, I conducted a traffic stop near the intersection of Melaleuca Ln, and the entrance to the Emerald Vista Apartments in the Village of Palm Springs, Florida, in order to conduct an immigration inspection on the driver and sole occupant inside the vehicle. The vehicle was a Honda sedan bearing Florida registration AV62KC. Record checks conducted earlier revealed that this vehicle was registered to PEREZ-LOPEZ, Silvestre Facundo, DOB: 01/22/1988. The immigration violation was based on record checks obtained through Florida's Driver and Vehicle Information Database (DAVID), and DHS Databases which indicated that PEREZ-LOPEZ was illegally present in the US.

5.     I approached the driver's side door of the Honda sedan and proceeded to identify myself as a Border Patrol Agent. I immediately recognized the driver as being PEREZ-LOPEZ through a photograph obtained earlier via DAVID. I told PEREZ-LOPEZ to keep his hands on the steering wheel and questioned PEREZ-LOPEZ as to his citizenship and right to be and remain in the United States legally. PEREZ-LOPEZ asked me if he had to answer my question. I advised PEREZ-LOPEZ that I already knew who he was, that he was an alien illegally present in the United States, and that he had to come with me because he was under arrest.

6.     As I was attempting to place my handcuffs on PEREZ-LOPEZ, he began to resist and moved his hands reaching for items. I raised my tone and told PEREZ-LOPEZ to follow my instructions and commands, because he was under arrest, this was not a game, and that the arrest was being recorded. I was able to secure both hands with my handcuffs, and I ordered PEREZ-LOPEZ to step out of his vehicle, and to walk towards my unit. PEREZ-LOPEZ complied by stepping out but PEREZ-LOPEZ started forcibly resisting by walking slowly and pushing back against our forward movement, until we got to the rear passenger door of my unit.

7.     I opened the rear passenger door and ordered PEREZ-LOPEZ to get inside while

forcing him inside my unit due to him pushing back. PEREZ-LOPEZ had half of his body inside the unit, when he began to resist with violence and began assaulting me by pushing me with his body in an attempt to escape custody. I attempted to gain control and pushed PEREZ-LOPEZ inside my unit. PEREZ-LOPEZ kept resisting and became combative pushing me harder in order to escape. During the struggle, PEREZ-LOPEZ was able to get his right hand loose from my cuffs and used his hand and body as leverage to push harder and continue his assault against me. PEREZ-LOPEZ gained advantage and was able to lower his body outside my unit.

8. Fearing for my safety, as I was reaching exhaustion, I pulled my taser and told PEREZ-LOPEZ to stop what he was doing, because he was making things worse, and he would go to jail for a long time. I also warned PEREZ-LOPEZ that I would use my taser if he continued with his assault against me. PEREZ-LOPEZ ignored my command, and he kept his assault by pushing his weight against me creating separation and distance. At one point, during separation, I saw PEREZ- LOPEZ moving his hand in an attempt to reach for my taser.

9. Fearing for my safety as I was completely exhausted, I deployed my taser aiming at PEREZ-LOPEZ'S stomach. However, the taser did not have any effect because PEREZ-LOPEZ swung his hand at my taser and disconnected the wires and probes from his body. PEREZ-LOPEZ began running away, escaped custody, and absconded the area. I requested backup over my service radio, and a thorough search of the area, which lasted nearly two hours was conducted by local police, state troopers, and Border Patrol agents, in an attempt to locate PEREZ-LOPEZ without any luck. I and two other agents drove to PEREZ-LOPEZ's last known address and conducted a knock and talk. However, no one answered the door.

10. On November 19, 2025, Border Patrol Agents conducted an investigation as PEREZ-LOPEZ'S family ties and addresses. Agents deployed several search teams to separate target locations and conducted surveillance. One of the teams was able to locate PEREZ-LOPEZ.

PEREZ-LOPEZ noticed the agents and began running and jumped a fence in an attempt to abscond. Agents were able to detain PEREZ-LOPEZ and proceeded to identify themselves as Border Patrol Agents. The Agents questioned PEREZ-LOPEZ as to his citizenship and right to be in the US. PEREZ-LOPEZ willingly and voluntarily admitted to being a citizen of Guatemala illegally present in the US. PEREZ-LOPEZ was placed under arrest and transported to the West Palm Beach Border Patrol Station for further investigation and processing

11. PEREZ-LOPEZ'S fingerprints were electronically submitted to a DHS database, which revealed no prior immigration or criminal history, confirming that the subject was illegally present in the United States.

12. Based on the foregoing, there is probable cause that PEREZ-LOPEZ committed the offense of Assault on a Federal Agent, in violation of Title 18, United States Code, Section 111, and Escape from Federal Custody, in violation of Title 18 USC 751.

Cesar Barrientos
Resident Agent
United States Border Patrol

Sworn to before me and signed in my presence, on this 21 day of November 2025.

RYON M. McCABE
UNITED STATES MAGISTRATE JUDGE

4